# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br><br>Amanda Jeanne Mayhue<br><br>Date of Original Judgment: 02/23/2023<br>Date of Previous Amended Judgment: <br>*(Use Date of Last Amended Judgment if Any)* | )<br>)  Case No: 0419 3:22CR00136-001<br>)<br>)  USM No: 02859-510<br>)<br>)  Pro se<br>)  *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
  ☒ **DENIED.**  ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 03/03/2023, shall remain in effect.
**IT IS SO ORDERED**.

Signed: February 14, 2024

*Frank D. Whitney*
United States District Judge

Effective Date: _____
*(if different from order date)*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Amanda Jeanne Mayhue
CASE NUMBER: 3:22CR00136
DISTRICT: Western District of North Carolina

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: _____   Amended Total Offense Level: _____
Criminal History Category: _____   Criminal History Category: _____
Previous Guideline Range: _____ to _____ months   Amended Guideline Range: _____ to _____ months

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

Defendant is not eligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines. Under amended Guidelines Section 4A1.1, Defendant now earns one status point towards her criminal history score instead of two status points, resulting in a total of 12 criminal history points instead of 13. With that one-point reduction, Defendant's criminal history category remains a category VI both under the calculation of her status points and because she is a career offender under Guidelines Section 4B1.1. A career offender's criminal history category in every case shall be category VI. See United States Sentencing Guidelines Section 4B1.1(b). Because the application of Amendment 821 does not change the criminal history category or total offense level the Court used to determine Defendant's sentence, she is not eligible for a reduced sentence under the Amendment.